## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:16-cv-00005-MR-DLH

| | | |
|---|---|---|
| RENEE CROCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| SANDRA L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc 8].

## I.    PROCEDURAL BACKGROUND

The Plaintiff initiated this action on December 9, 2015, in the District Court of Transylvania County, North Carolina, alleging defamation (counts one and two) and "wrongful interference with Plaintiff's employment and/or contractual relationship" (count three).  [Doc. 1-1].  The Plaintiff is seeking monetary damages including compensatory damages "in excess of $10,000.00" and punitive damages.  [Id. at 4].  On January 7, 2016, the

Defendant removed the action to this Court based on diversity jurisdiction.[1]

[Doc. 1].  The Defendant timely answered Plaintiff's Complaint on January

28, 2016.[2]  [Doc. 7].  On February 4, 2016, the Plaintiff filed a Motion to

Remand asserting that there is no diversity because both parties are citizens

of North Carolina, and the amount in controversy does not exceed $75,000.

[Doc. 8].  The Defendant responded on February 23, 2016.  [Doc. 12].

Having been fully briefed by the parties, this matter is now ripe for

disposition.

## II.    DISCUSSION

Federal courts have subject matter jurisdiction over civil actions

between citizens of different states where the amount in controversy

exclusive of interest and costs exceeds $75,000, and there exists complete

diversity between all plaintiffs and all defendants.  28 U.S.C. § 1332.  For

complete diversity to exist, "the citizenship of each plaintiff [must be] diverse

from the citizenship of each defendant."  Caterpillar Inc. v. Lewis, 519 U.S.

---

[1] The Defendant alleges in her Notice of Removal that the Plaintiff is a citizen of North Carolina, the Defendant is a citizen of South Carolina, and the amount in controversy exceeds $75,000.  [Doc. 1 at 2].

[2] Defendant's Answer was filed within the time allowed by this Court's Order granting the Defendant an Extension of Time to Answer.  [Doc. 6].

61, 68 (1996) (citing <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 187 (1990)).  The party seeking removal based upon diversity jurisdiction has the burden of establishing jurisdictional facts by a preponderance of the evidence.  <u>Francis v. Allstate Ins. Co.</u>, 709 F.3d 362, 367 (4th Cir. 2013).

**A.    Diversity**

The Plaintiff first argues that there is no diversity because both parties are citizens of North Carolina.  [Doc. 8 at 1].  "[C]itizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile."  <u>Axel Johnson, Inc. v. Carroll Carolina Oil Co.</u>, 145 F.3d 660, 663 (4th Cir. 1998).  "Domicile requires physical presence, coupled with an intent to make the State a home."  <u>Johnson v. Advance Am.</u>, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  Determining this intent involves examining the totality of the circumstances, including current residence, location of real and personal property, location of bank accounts, place of employment or business, payment of taxes, and voter registration.  13E Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 3612 (3d ed. 2016).

In support of her Motion to Remand, the Plaintiff alleges that the Defendant: (1) owns real and personal property in North Carolina, (2) was personally served in North Carolina, and (3) actually resides in North

Carolina. The Defendant, being the party who removed this matter, is the party asserting jurisdiction in this Court. Therefore, the burden of proof is on the Defendant to show diversity and to refute Plaintiff's claim that diversity does not exist. In doing so, Defendant concedes that she owns real property in North Carolina as claimed by the Plaintiff. She explains, however, that one property is a former marital residence occupied by her ex-husband, that she has not occupied since their divorce in 2009. [Doc. 13 "Affidavit of Sandra L. Brown" at ¶ 17]. The Defendant has also presented evidence that she holds an interest in the other property as a result of her co-signing a loan with her daughter so that her daughter could purchase it as a home. [Id. at ¶¶ 12, 17].

The Defendant admits that she has resided in North Carolina with her daughter for periods of time in 2015, but further states that her stays were only temporary while she assisted her daughter and her daughter's family with an ongoing legal matter. [Id. at ¶¶ 13-16]. Defendant admits to owning a vehicle that is registered in North Carolina, but states that she was unsuccessful in her attempt to register her vehicle in South Carolina because the transfer requires documentation that is in her ex-husband's exclusive possession and control. [Id. at ¶ 20]. Finally, the Defendant admits to being personally served with process in North Carolina. She states, however, that

she voluntarily agreed to accept service in North Carolina after being contacted by the Sheriff's Office of Transylvania County. [Id. at ¶ 18].

The Defendant further shows this Court by sworn affidavit that she: owns real property in South Carolina that she purchased in 2011 "with the intention of residing there immediately and permanently" [Id. at ¶¶ 5-6]; owns and operates her business, a South Carolina limited liability company, from her residence in South Carolina [Id. at ¶ 8]; is listed as the company's registered agent for service at her South Carolina address [Id. at ¶ 8]; and receives account statements at her South Carolina residence for utilities, condominium dues, property taxes, bank accounts, and several credit cards [Id. at ¶ 9].

The Defendant does not dispute that recently she has resided some of the time in North Carolina and some of the time in South Carolina. [Id. at ¶¶ 13-16] (she resided with her daughter in North Carolina "[d]uring 2015 . . . [for] periods of time."). Based thereon, Plaintiff argues that Defendant has failed to prove that she resided in South Carolina as of the specific date on which the lawsuit was commenced, December 9, 2015. See generally Rowland v. Patterson, 852 F.2d 108, 110 (4th Cir. 1988) ("It is well settled that diversity is judged as of the time of commencement of suit."). Residence, however, is not dispositive. Domicile is the issue. As stated

supra, domicile is not dependent upon presence alone, but on the intent to make a place one's home.  Johnson, 549 F.3d at 937.

Having considered the evidence presented, this Court finds that the Defendant has shown by a preponderance of the evidence that she is domiciled in South Carolina and thus is a citizen of South Carolina.  It is undisputed that the Plaintiff is a citizen of North Carolina.  Therefore, the Court concludes that there is complete diversity between the parties.  See Caterpillar, 519 U.S. at 68.

### B.     Amount in Controversy

The Plaintiff also argues that the amount in controversy for her defamation and wrongful interference claims does not exceed $75,000. [Doc. 8 at 1].  In cases where subject matter jurisdiction is predicated on diversity and the complaint does not allege a specific amount of damages, the party asserting jurisdiction must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.  28 U.S.C. § 1446.

Here, the Defendant has shown by a preponderance of the evidence that the amount in controversy for Plaintiff's defamation and wrongful interference claims exceeds $75,000.  In her Complaint, the Plaintiff alleges that the Defendant's actions have, among other things, resulted in her being

discharged from her employment with Transylvania County DSS. [Doc. 1-1 at 3]. The Plaintiff further alleges that her "employment would have continued indefinitely, except for the interference of the Defendant." [Id.].

The Defendant has presented evidence to this Court obtained from Plaintiff's former employer pursuant to discovery requests that tends to show that the Plaintiff was earning $54,943.98 per year at the time she was terminated. [Docs. 13 at ¶¶ 21, 23; 13-14 at 1]. The Defendant further shows that if the Plaintiff prevails and the jury awards even two years of lost income for a discharge from employment that Plaintiff alleges "would have continued indefinitely," the Plaintiff would be entitled to over $100,000 in damages, an amount in controversy well above the jurisdictional threshold. Combining the potential award for Plaintiff's lost wages claim along with Plaintiff's demand for punitive damages and damages for embarrassment, humiliation, and damage to her reputation, this Court concludes that the amount in controversy exceeds $75,000.

Because the parties are diverse and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over the case. For these reasons, the Plaintiff's Motion to Remand is hereby denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand

[Doc. 8] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 5, 2016

Martin Reidinger
United States District Judge