IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CV 05

| | |
|---|---|
| RENEE CROCKER, ) | |
| ) | |
|    Plaintiff ) | |
| ) | **ORDER** |
| v ) | |
| ) | |
| SANDRA L. BROWN, ) | |
| ) | |
|    Defendant. ) | |

**THIS MATTER** is before the undersigned pursuant to a Motion to Compel Plaintiff to Respond to Discovery Demands (#22) filed by counsel for Defendant. As examination of the file in this matter shows that a brief in support of Defendant's motion was not filed. LCvR 7.1(C) states as follows:

> **(C)** **Requirement of Briefs.** Briefs shall be filed <u>contemporaneously</u> with the motion, except no brief is required in support of timely motions for extension of time, continuances, admission *pro hac vice*, or early discovery. Exhibits in support of a brief shall be attached as appendices as specified in the <u>Administrative Procedures</u>. Factual contentions shall be supported as specifically as possible by citation to exhibit number and page.

Defendant has failed to comply with this Rule.

A further concern is the directive of the Pretrial Order and Case Management Plan (#10). The Pretrial Order and Case Management Plan states as follows:

III.

C. MEMORANDA IN SUPPORT OF MOTIONS: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. No brief may exceed 25 pages without Court approval. Briefs must be double spaced and in at least 14 point type. Motions not in compliance with this order are subject to summary denial.

Further, the Pretrial Order and Case Management Plan states:

III.

F. MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

The time for discovery to be completed in this case was November 1, 2016 (#10). The motion of the Defendant was not filed until November 15, 2016.

As a result of the failure of Defendant to support her motion with a brief as required by LCvR 7.1(C) of the Local Rules of Civil Procedure and pursuant to the Pretrial Order and Case Management Plan and the fact that the Motion to Compel was filed outside the discovery period as required by the Pretrial Order and Case Management Plan, the motion(#22) will be denied.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Compel Plaintiff to Respond to Discovery Demands (#22) is hereby **DENIED.**

Signed: November 29, 2016

Dennis L. Howell
United States Magistrate Judge