# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00005-MR-DLH

| | |
|---|---|
| RENEE CROCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SANDRA L. BROWN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Voluntary Dismissal [Doc. 24] and the Defendant's Motion for Summary Judgment [Doc. 25].

## I. PROCEDURAL BACKGROUND

The Plaintiff Renee Crocker initiated this action against the Defendant Sandra L. Brown on December 9, 2015, by filing a Complaint in the General Court of Justice, District Court Division, for Transylvania County, North Carolina. [Doc. 1-1]. In the Complaint, the Plaintiff asserts claims for libel, slander, and "wrongful interference with Plaintiff's employment and/or contractual relations," arising from the Defendant's various actions which the Plaintiff contends resulted in the loss of her long-term employment with the

Transylvania County Department of Social Services. [Id.]. On January 7, 2016, the Defendant removed the action to this Court on the basis of diversity jurisdiction. [Doc. 1].

The Court entered a Pretrial Order and Case Management Plan on February 27, 2016, setting a discovery deadline of November 1, 2016, and a motions deadline of December 1, 2016, and setting this matter for trial during the first mixed trial session on or after May 8, 2017. [Doc. 10].

On November 29, 2016, the Plaintiff filed the present motion to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For grounds, the Plaintiff asserts that she recently prevailed in an Administrative Court hearing that has restored her to her employment and awarded her back pay and attorneys' fees subject to appeal by the Department. In light of this administrative decision, the Plaintiff argues, the measure of damages has been significantly reduced if not completely eliminated. Accordingly, the Plaintiff desires to dismiss this action without prejudice to allow for refiling should the reinstatement to her employment be reversed by the North Carolina Court of Appeals. [Doc. 24].

On December 1, 2016, the Defendant filed a motion for summary judgment, arguing that the Plaintiff has failed to present any "admissible record evidence" to support her defamation claims. [Doc. 25]. The Plaintiff

did not respond to the Defendant's motion. On December 16, 2016, the Defendant filed a response in opposition to the Plaintiff's motion for voluntary dismissal. [Doc. 26]. These matters are now ripe for disposition.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a plaintiff has an absolute right to dismiss an action without prejudice at any point until the defendant either answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1). Otherwise, dismissal is permitted only by court order "on terms that the court considers proper" or by stipulation of the parties. Fed. R. Civ. P. 41(a)(2); <u>Marex Titanic, Inc. v. Wrecked and Abandoned Vessel</u>, 2 F.3d 544, 546 (4th Cir. 1993).

The Fourth Circuit has made clear that a plaintiff's motion for a dismissal without prejudice "should not be denied absent *substantial* prejudice to the defendant." <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986) (emphasis added). As the Fourth Circuit has stated:

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice.

3

Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)

In determining whether to grant a plaintiff's motion to dismiss, the Court should consider the following factors: (1) "the opposing party's effort and expense in preparing for trial"; (2) "excessive delay and lack of diligence on the part of the movant"; (3) "insufficient explanation of the need for a voluntary dismissal"; and (4) "the present stage of litigation." Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004).

Applying these factors to the present case, the Court concludes that a dismissal without prejudice would not substantially prejudice the Defendant. While the Defendant has incurred some expense in conducting discovery, any discovery taken in this action may be used in the event that the action is re-filed. Thus, the Defendant could still benefit from and utilize all of her preparation and discovery generated in the present action.

Turning to the other factors, the Court notes that there does not appear to be any excessive delay or lack of diligence on the part of the Plaintiff. The Defendant complains that the Plaintiff has unreasonably delayed seeking a dismissal because she knew about the favorable administrative decision as early as May 2016. The Defendant admits, however, that she became aware of that administrative decision as early as September 2016. The Defendant further admits that the Plaintiff advised her by mid-November 2016, weeks

4

before the dispositive motions deadline, that she would be seeking a voluntary dismissal of this action.

As for the stage of litigation, the parties only recently completed discovery, and no dispositive motions had been filed as of the date of the filing of the Plaintiff's motion for dismissal. See, e.g., Miller, 114 F. App'x at 540 (affirming district court's decision that plaintiff's motion for voluntary dismissal was "untimely and would waste judicial resources" because the motion was filed well after discovery had closed and a dispositive order was imminent). The Defendant argues that she is entitled to a ruling on the merits of her motion for summary judgment. However, "the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice . . . ." Fidelity Bank PLC v. N. Fox Shipping N.V., 242 F. App'x 84, 89 (4th Cir. 2007) (quoting Andes, 788 F.2d at 1036 n.4) (internal quotations and alterations omitted)). Further, the Defendant is not substantially prejudiced merely because the Plaintiff may re-file her action at a subsequent date. See Howard v. Inova Health Care Servs., 302 F. App'x 166, 179 (4th Cir. 2008) ("It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical

5

advantage over the defendant in future litigation.") (quoting <u>Davis</u>, 819 F.2d at 1274-75).

As requested by the Defendant, the dismissal without prejudice shall be granted upon the conditions that (1) the Plaintiff pay the taxable costs incurred by the Defendant in this matter, and (2) any discovery material developed in this action to date can be used in any subsequently filed action. <u>See</u> <u>Davis</u>, 819 F.2d at 1276 (noting that requiring payment of taxable costs and agreement to use of discovery are conditions which "should be imposed as a matter of course in most cases"). The Defendant's request that the Plaintiff also reimburse her for all attorneys' fees incurred in this action, however, is denied. <u>See</u> <u>id.</u> (reversing award of attorneys' fees where "the work and resources expended to date during this litigation [would] be easily carried over to litigation of the plaintiff's cause of action" in another forum").

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Voluntary Dismissal [Doc. 24] is **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 25] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the costs of this action are taxed against the Plaintiff. The Defendant shall submit a bill of costs within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge